UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Alexander Bell a/k/a/ ) | C/A No.: 0:07-cv-922-GRA-BM |
| Sulyaman Al wa Salaam a/k/a ) | |
| Sulyaman Alislam Wa Salaam, ) | |
| ) | ORDER |
| Plaintiff, ) | (Written Opinion) |
| v. ) | |
| ) | |
| Officer FNU Taylor, ) | |
| Officer FNU Dash, Officer FNU ) | |
| Officer FNU Lappett, ) | |
| Officer FNU Stalling, ) | |
| Officer FNU Callahand, ) | |
| Officer FNU Poor, ) | |
| Officer FNU Hudson, ) | |
| Officer FNU Grey, ) | |
| Major FNU Myers, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court for a final review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., issued on January 17, 2008. Plaintiff originally filed this suit on April 5, 2007, pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights.

The defendants filed a motion for summary judgment on September 28, 2007; the magistrate issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on October 1, 2007, advising the plaintiff about the summary judgment

dismissal procedure and the consequences if he failed to respond; and the plaintiff filed a motion in opposition on October 9, 2007.

The magistrate recommends that this Court grant the defendants' motion for summary judgment based on the plaintiff's failure to exhaust his administrative remedies. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation in its entirety.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on January 28, 2008.

The plaintiff does not state any specific objection to the magistrate' Report and Recommendation. He merely restates and reargues the issues that were set forth in his complaint and response in opposition to summary judgment. Therefore the objections lack the specificity to trigger *de novo* review and will not be addressed.

After a thorough review of the magistrate's Report and Recommendation, this Court finds that it applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

IT IS THEREFORE SO ORDERED THAT the defendants' motion for summary judgment be GRANTED.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April  10 , 2008

Anderson, South Carolina


## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.